UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

PAULA DIAZ-ORTIZ, et al,     *
    Plaintiffs,     *
        *
    v.     *   CIVIL NO. 98-1369(PG)
        *
ADMINISTRACION DE INSTITUCIONES   *
JUVENILES, et al,     *
    Defendants.     *

**OPINION AND ORDER**

An Opinion and Order was entered on January 5, 1999, granting and denying in part defendant's motion to dismiss. The issue of whether plaintiff, Paula Diaz-Ortiz, was a "confidential employee" excluded from the protections of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq, was not resolved and the parties were given 10 days to submit documentation to clarify her employee status. Defendants submitted their motion in compliance with the Opinion and Order on January 15, 1999 (Docket No. 11) and plaintiffs after having been granted an extension of time submitted their motion on May 24th, 1999. (Docket No. 15). The Court is now ready to rule on the issue to wit, whether Diaz-Ortiz falls within any of the exceptions to the ADEA definition of "employee".

**DISCUSSION**

The ADEA makes if unlawful to discharge an employee because of the employee's age. 29 U.S.C. § 623(a)(1).

The ADEA defines an "employee" in relevant part as:

Civil No. 98-1369(PG)                                                      2

> "an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision.
>
> 29 U.S.C. § 630(f). An "employer" includes a state or any political subdivision. 29 U.S.C. § 630(b)."

Defendants claim that plaintiff was a confidential policymaker employee excluded from ADEA protection. In support thereof they submit several documents, two from the Central Office of Personnel Administration of the Commonwealth of Puerto Rico, one informing plaintiff of her change from a trust position to a career position and the other describing the duties ascribed to the position of Director of Juvenile Institutions III. The third document submitted is from the Administration of Juvenile Institutions amending the informative document referred to above to change the effective date to the 24th of April of 1995 instead of 1994. (Exhibits I, II, III).

AO 72A
(Rev. 8/82)

Civil No. 98-1369(PG)                                                        3

In order to be considered an appointee on the policymaking level, for purposes of the ADEA policy-maker exception, the employee must have been appointed by an elected official. See e.g. Tranello v. Frey, 962 F.2d 244, 249 (2nd Cir.) ("Because Tranello was appointed by another appointed official, and not appointed by an elected official, his position as Deputy County Attorney does not fall within section 630(f), regardless of whether the position was "on the policymaking level."), cert. denied, County of Monroe v. Tranello, 506 U.S. 1034 (1992); EEOC v. State of Vermont, 904 F.2d 794 (2nd Cir. 1990); Stillians v. State of Iowa, 843 F.2d 276 (8th Cir. 1988) abrogated on other grounds, Astoria Federal Savings and Loan Association v. Solimino, 501 U.S. 104 (1991); EEOC v. Board of Trustees of Wayne County Community College, 723 F.2d 509 (6th Cir. 1983); See also Nichols v. Hurley, 921 F.2d 1101 (10th Cir. 1990)(construing an identical definition of employee under Title VII). In Gregory v. Ashcroft, 501 U.S. 452, (1991), Justice White, in a concurring and dissenting opinion, analyzed 29 U.S.C. § 630(f) as follows:

> A parsing of that definition reveals that it excludes from the definition of "employee" (and thus the coverage of the ADEA) four types of (non-civil service) state and local employees: (1) persons elected to public office; (2) the personal staff of elected officials; (3) *persons appointed by elected officials to be on the policymaking level*; and (4) the immediate advisers of elected officials with respect to

Civil No. 98-1369(PG)                                                    4

>     the constitutional or legal powers of the
>     officials' offices. (emphasis added).

The facts as alleged by plaintiff are that she was hired by the Administration of Juvenile Institutions on January 29, 1969. On or around January 4, 1984, she was promoted to the position of "Director of Juvenile Institutions III", which at that time was a career position. Four years later the position was changed to a trust position. On or around 1993 co-defendant Miguel A. Rivera was appointed Administrator of the Administration of Juvenile Institutions. At the end of March 1995, Diaz was demoted to the position of "Auxiliary Assistant Administrator III" and a young male occupied the position of "Director of Juvenile Institutions III".

The information and documents submitted by the parties fail to indicate who appointed plaintiff Diaz. If she was appointed to the position of "Director of Juvenile Institutions III" by another appointed official she is covered under the ADEA. On the other hand if she was appointed by an elected official then the Court would have to decide whether Diaz was in a policymaking position and if the Court determines that she was in such a position then the Court must determine whether she was an employee subject to the civil service laws of the Commonwealth of Puerto Rico for ADEA explicitly excludes from the "policymaker" exception employees who are subject to the civil service laws of a State government, governmental agency, or

Civil No. 98-1369(PG)                                                                                   5

political subdivision." 29 U.S.C. § 630(f); <u>Halloway v. Milwaukee County</u>, 180 F.3d 820, 828 n.10 (7th Cir. 1999).

In conclusion the exact nature of Diaz employment relationship has not been clarified by the parties' motions in compliance with the Court's prior Opinion and Order of January 15, 1999. Thus, the Court has insufficient information to determine whether Diaz actually was an "appointee on the policy making level" exempt from ADEA protection.

In view of the above, the Court refrains from deciding the issue until it has been properly briefed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico  March 29, 2000.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge