IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PAULA DIAZ-ORTIZ

**Plaintiff**

v.                                CIVIL NO. 98-1369 (JAG)

THE COMMONWEALTH OF PUERTO
RICO, et al

**Defendant**

## OPINION AND ORDER

Plaintiff Paula Díaz Ortiz ("Díaz Ortiz"), has brought a claim alleging that she has been subject to age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621 *et seq*. Díaz Ortiz seeks declaratory, compensatory and injunctive relief against defendants the Commonwealth of Puerto Rico, the Administración de Instituciones Juveniles and Miguel A. Rivera, in his official capacity as Administrator of the Administración de Instituciones Juveniles. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 2201 and 2202. Díaz Ortiz also invokes this Court's supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367. Before the Court are defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)(Docket 20), Díaz Ortiz's opposition (Docket 23) and defendants' reply (Docket 26).



AO 72A
(Rev.8/82)

98-1369
Civil No. ~~00-2287~~ (JAG)
Page 2
_____

### Discussion

Defendants claim that in light of the United States Supreme Court decision in <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62, 67 (2000), the Eleventh Amendment renders a State immune from an ADEA claim brought in federal court unless the State has consented to suit. Díaz Ortiz argues, on the other hand, that the First Circuit's traditional position has been that the ADEA contains a clear statement of Congress' intent to abrogate the States' Eleventh Amendment immunity. <u>See</u> <u>Muñiz Ramírez v. Puerto Rico Fire Service</u>, 715 F.2d 694, 701 (1st Cir. 1983). The key issue is whether the defendants are absolutely immune from suit in light of the United States Supreme Court's decision in <u>Kimel</u>. In <u>Kimel</u>, the Supreme Court held that although the ADEA contains a clear statement of Congress' intent to abrogate the States' immunity, the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment. <u>Kimel</u>, 528 U.S. at 92. Therefore, an aggrieved party cannot bring an ADEA claim against a nonconsenting State in federal court. <u>Id.</u> at 73. This absolute immunity is dispositive of the pending action.[1]

---

[1] Although Puerto Rico has consented to be sued under certain circumstances in its <u>own</u> Courts, it has not consented to be sued in <u>this</u> Court. <u>Cf.</u> <u>Salkin v. Commonwealth</u>, 408 F.2d 682, 683 (1st Cir. 1969).

Civil No. 98-1369 (JAG)
Page 3

---

Díaz Ortiz asks the Court to consider the absence of state law remedies before dismissing the Complaint. The fact that Díaz Ortiz is not provided a remedy under state law does not undercut the full precedential effect of <u>Kimel</u>, the lack of state remedies are simply irrelevant to the Eleventh Amendment type immunity from suit in federal court that Puerto Rico currently enjoys.[2] Díaz Ortiz's federal claim under ADEA is dismissed with prejudice on grounds of immunity. The Court declines to exercise supplemental jurisdiction over the pendent state law claims and dismisses them without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of June 2001.

JAY A. GARCIA-GREGORY
U.S. District Judge

---

[2] Although the United States Supreme Court has yet to decide whether the Eleventh Amendment applies to Puerto Rico, the First Circuit has consistently held that Puerto Rico enjoys the same immunity from suit that a State has under the Eleventh Amendment. See <u>U.S.I. Properties Corp. v. M.D. Const. Co.</u>, 230 F.3d 489 (1st Cir. 2000).